UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRIMERICA LIFE INS. CO.,

        Plaintiff,

v.                            CASE No. 8:07-CV-1687-T-TGW

SALLY ANN MOORE, et al.,

        Defendants.

_____:

## O R D E R

      This case involves a dispute over ownership of the proceeds of a $40,000 life insurance policy. The deceased's ex-wife claims that she, and the three daughters she had with the decedent, own the proceeds of the life insurance policy pursuant to a divorce decree. The deceased's second wife claims ownership to the funds based on an insurance policy change of beneficiary form which, at the time of the deceased's death, identified her as the sole beneficiary.

      Due to the competing claims, the plaintiff insurance company filed this interpleader complaint and was subsequently dismissed from the lawsuit. Thereafter, ex-wife Doris Roberts, and the three daughters, Lillian Scott, Sandra Roeder, and Diane Robinson ("the Roberts defendants") filed

a motion for summary judgment against defendant, Sally Ann Moore, the decedent's second wife, contending that they are entitled to the proceeds of the life insurance policy as a matter of law (Doc. 11).

Because the record shows that, pursuant to the divorce decree, the Roberts defendants obtained an ownership interest in the life insurance policy, the designation after the divorce of Moore as the policy's beneficiary was ineffective, and the Roberts defendants are entitled to the life insurance policy's proceeds. Accordingly, summary judgment will be granted in favor of the Roberts defendants.

I.

Joe Edward Moore, the deceased, was a resident of Tampa, Florida (see Doc. 1-2, Comp. Ex. A, p. 1). On or about April 9, 1984, he completed an application for term life insurance coverage with Massachusetts Indemnity and Life Insurance Company (now plaintiff Primerica Life Insurance Co.)(id., pp. 1-3). On May 5, 1984, policy number 0410773187 was issued, thereby insuring Joe Moore's life in the amount of $40,000 ("the life insurance policy") (id., p. 7). Initially, Joe Moore designated his then-wife, Doris, as the primary beneficiary and his daughter Lillian as the contingent beneficiary under the policy (id., p. 1).

-2-

On December 17, 1990, the marriage between Joe and Doris was
dissolved (Doc. 6-2).  At that time, they had three daughters: Lillian, Sandra
and Diane.  As part of the divorce, the parties voluntarily entered into a
property settlement agreement, which was approved by the court and
incorporated into the Final Judgment of Dissolution of Marriage ("divorce
decree")(see id., ¶(2), (2)c)).  As pertinent here, the divorce decree directed
(id., ¶(2)c))(emphasis in original):

> That the Life Insurance Policy through
> Massachusetts Indemnity, Policy No.: 0410773187,
> with a death benefit of $40,000.00, and any other
> Life Insurance Policy of the parties herein, shall
> remain in full force and effect, and the Petitioner,
> JOE EDWARD MOORE, shall continue to pay, in
> a timely manner, the premiums on said Life
> Insurance Policies.  The parties agree, however, to
> execute any and all documents necessary in order
> to amend the beneficiaries of said policy to be as
> follows:
>
> 50% to the survivor of the parties herein.
>
> The remaining 50% to LILLIAN
> SCOTT, SANDRA THOMAS, and
> DIANE MARIE MOORE.

Thus, the divorce decree obligated Joe Moore to continue making premium
payments on the life insurance policy and to execute the necessary documents
to make Doris a fifty percent beneficiary of the policy and his three daughters

as equal beneficiaries of the remaining fifty percent. The record, however, does not show that Moore complied with this directive.

Joe Moore subsequently married Sally Ann Moore (see Doc. 1-3). On July 25, 2005, Joe Moore executed a Change Beneficiary form, designating Sally Ann Moore the sole beneficiary of the life insurance policy (id.).

On June 4, 2007, Joe Moore died. The life insurance policy was in effect at that time. The deceased's ex-wife, Doris, contacted the plaintiff in July 2007 and advised it that, pursuant to the divorce decree, she and her daughters were the policy's beneficiaries, and demanded payment of the proceeds (Doc. 1, ¶¶ 15, 17). Sally Ann Moore, the deceased's second wife, demanded that the plaintiff pay her the proceeds of the life insurance policy based on the insurance policy's Change Beneficiary form which named her as its sole beneficiary (id., ¶18).

Due to the conflicting claims for the proceeds of the life insurance policy, the plaintiff filed this interpleader action on September 19, 2007, naming as defendants the deceased's ex-wife, his three daughters with his ex-wife ("the Roberts defendants"), and his second wife (Doc. 1). The

-4-

Roberts defendants answered the complaint (Doc. 6).  Defendant Moore did
not file an answer until April 3, 2008 (Doc. 18).

On January 7, 2008, the plaintiff filed an unopposed motion to
interplead the life insurance proceeds, minus its attorney's fees, into the
court's registry and be dismissed as a party from the case (Doc. 7).  That
motion was granted on January 14, 2008 (Doc. 8).  Accordingly, the policy
proceeds were deposited into the court's registry, and the parties remaining
in this case are the Roberts defendants and the second wife, Sally Ann Moore.

The remaining parties conferred by telephone on January 23,
2008, to complete the case management report (Doc. 10).  Moore is
proceeding pro se, and the Roberts defendants are represented by attorney C.
Christine Smith (id.).  Neither party planned to conduct any discovery (id.).

Thereafter, the Roberts defendants filed a motion for summary
judgment (Docs. 11, 12).  The Roberts defendants argue that the divorce
decree divested Joe Moore of ownership of the life insurance policy and
created an ownership interest in them, thereby rendering Joe Moore's change
of beneficiary to Sally Ann Moore ineffective and entitling them to the
policy's proceeds (Doc. 12, p. 1).

The parties subsequently consented to the jurisdiction of a magistrate judge (Docs. 13, 14). Oral argument on the motion for summary judgment was scheduled for April 16, 2008. At that time both counsel for the Roberts defendants and Moore appeared. In the meantime, Moore had filed on April 3, 2008, an answer to the complaint and some documents (Doc. 18). Although the Roberts defendants moved at the hearing to strike those submissions, that motion was denied, primarily because the submissions were not material.

## II.

The court shall enter summary judgment only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ. P. 56( c). Material facts are those over which disputes "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The movant bears the burden of establishing the absence of a dispute over material facts. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993).

In determining whether the moving party should be awarded summary judgment, the court must view the evidence and factual inferences therefrom in the light most favorable to the opposing party.  Reynolds v. Bridgestone/Firestone, Inc., supra, 989 F.2d at 469.  Any reasonable doubts about the facts are to be resolved in favor of the party opposing the motion for summary judgment.  Id.

### III.

This court has jurisdiction of this matter pursuant to the interpleader statute, 28 U.S.C. 1335.  Thus, the amount in controversy clearly exceeds the $500 requirement of that provision.  Moreover, because one of the defendants is from the state of Washington, while the others are from Florida, the minimal diversity requirement of the statute has been satisfied. State Farm Fire and Casualty Co. v. Tashire, 386 U.S. 523, 530-31 (1962).

Turning to the merits, the Roberts defendants argue in their motion for summary judgment (Doc. 12, p. 3):

> [T]he 1990 Divorce Decree named Doris and the
> Children as ... beneficiaries, [thereby] divesting the
> Deceased of his ownership interest in favor of
> Doris and the Children.  Since the ownership
> interest passed to Doris and the Children in 1990,
> the execution of the 200[5] Change in Beneficiary
> form naming Sally [Ann Moore], as a beneficiary
> is void ...[and] the Court should ... conclude that

> Doris and the Children obtained ownership of the
> Policy in 1990, and are the rightful owners of the
> proceeds pursuant to the Divorce Decree.

The Roberts defendants correctly assert that the divorce decree, which incorporated a voluntary property settlement, directed that Joe Moore continue making payments on the life insurance policy and that he designate the Roberts defendants as the policy's beneficiaries (Doc. 6, ¶(2)c)).

The Eleventh Circuit Court of Appeals and Florida courts have held that a divorce decree which orders the named insured to maintain the insurance policy and designate another as beneficiary is analogous to a gift, thereby divesting the decedent of ownership interest in the life insurance policy and creating in the beneficiary an indefeasible interest in the proceeds. Prudential Insurance Co. of America v. Boyd, 781 F.2d 1494 (11th Cir. 1986); Pensyl v. Moore, 415 So.2d 771 (Fla. App. 1982); Dixon v. Dixon, 184 So.2d 478 (Fla. App. 1966), cert. discharged, 194 So.2d 897 (Fla. 1967); see also Cooper v. Muccitelli, 682 So.2d 77, 79 n.1 (Fla. 1996)("a settlement agreement that specifically requires one of the parties to maintain a named individual as beneficiary will control the disposition of proceeds upon notice to the insurer").

For example, in <u>Dixon</u> v. <u>Dixon</u>, <u>supra</u>, 184 So.2d at 481, the court ruled that a divorce decree which stated that the husband would "maintain and keep current...any and all policies on his life, which such policies shall be made payable to the minor child herein" amounted to "a surrender of the essential incidents of ownership" of the policy, and title and ownership in the life insurance policy vested in the donee at the execution of the divorce decree. Similarly, in <u>Pensyl</u> v. <u>Moore</u>, <u>supra</u>, 415 So.2d at 773, the appellate court found that a divorce decree which directed "the husband [to] maintain ... all life insurance policies on his life with the minor children herein as the direct or indirect beneficiaries," divested the deceased of his ownership in the life insurance policy and entitled the children to the life insurance proceeds. <u>See also</u> <u>Vath</u> v. <u>Vath</u>, 432 So.2d 806 (Fla. App. 1983).

In this case, Joe Moore voluntarily entered into a property settlement agreement with Doris Moore that was incorporated into the divorce decree and which provided that Joe Moore would continue making payments on the life insurance policy and designate his ex-wife and three daughters as beneficiaries of the policy (Doc. 6-2, ¶(2)c)).  There is no evidence that suggests Joe Moore was not legally bound by this requirement or that this obligation was temporary.  Accordingly, the Moore divorce decree entered on

December 19, 1990, divested Joe Moore of his ownership of the life insurance policy and created an indefeasible interest in the proceeds of the life insurance policy in the Roberts defendants.

In <u>Prudential Insurance Co. of America</u> v. <u>Boyd, supra,</u> 781 F.2d at 1494, the named insured failed to comply with the divorce decree to designate his children from his first marriage as irrevocable beneficiaries, and instead named his second wife as the sole beneficiary of the policy. Nonetheless, the district court held on a motion for summary judgment that the children from the first marriage were entitled to the life insurance policy proceeds. <u>Id.</u> at 1496. The Eleventh Circuit affirmed this decision, stating (<u>id.</u> at 1496-97):

> The divorce decree required Daniel Boyd to name his children as irrevocable beneficiaries of his "existing life insurance protection."... Florida courts have consistently construed provisions similar to this one to require the insured to name the person so designated by the divorce decree to be the beneficiary of the life insurance policy, and to nullify attempts to name another person as beneficiary. <u>See, e.g., Pensyl</u> v. <u>Moore,</u> 415 So.2d 771 (Fla. 3rd DCA 1982); <u>Dixon</u> v. <u>Dixon,</u> 184 So.2d 478 (Fla. 2d DCA 1996), <u>cert. discharged,</u> 194 So.2d 897 (Fla. 1967).

Therefore, <u>Boyd</u> establishes that Joe Moore's execution of a Change Beneficiary form on July 25, 2005, designating Sally Ann Moore as sole beneficiary (Doc. 1-3), is void.

It is, therefore, upon consideration

ORDERED:

That Defendants Doris Elizabeth Roberts, Lillian Scott, Sandra Roeder, and Diane Robinson's Motion for Summary Judgment (Doc. 11) be, and the same is hereby, GRANTED, and the Clerk shall enter judgment for defendants Doris Roberts, Lillian Scott, Sandra Roeder and Diane Robinson, and against defendant Sally Ann Moore. The Clerk shall pay the proceeds in the registry of the court pertaining to this case to C. Christine Smith, Esquire, in trust for Doris Roberts, Lillian Scott, Sandra Roeder and Diane Robinson, and thereupon CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 28th day of April, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE